

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 27, 2026

**BY EMAIL & ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *United States v. Samuel Gonzalez*, 25 Cr. 670 (JMF)

Dear Judge Furman:

As directed by the Court during the March 25, 2026 sentencing of defendant Samuel Gonzalez in the above-referenced matter, the Government respectfully submits this letter to request (1) the continued redaction of limited victim-identifying information in the Government's March 18, 2026 sentencing submission (the "March 18 Letter") and (2) the continued sealing of the child pornography victim impact statements attached to the Government's March 18 Letter as Exhibits A through K. The Government requests these redactions and sealing consistent with the privacy rights of child victims under 18 U.S.C. § 3509(d)(2) and pursuant to victims' rights "to be treated with fairness and with respect for the victim's dignity and privacy" under 18 U.S.C. § 3771(a)(8).

The identified child pornography victims in this case filed victim impact statements summarizing the profound negative effects they have experienced due to the ongoing dissemination of images of their sexual abuse. The Second Circuit has recognized that "child pornography permanently records the victim's abuse [and] causes the child victims of sexual abuse continuing harm by haunting those children in future years." *United States v. Schulte*, No. 21-3113, 2022 WL 1316210, at *3 (2d Cir. May 3, 2022); *Paroline v. United States*, 572 U.S. 434, 457 (2014) ("[E]very viewing of child pornography is a repetition of the victim's abuse.").

The Government respectfully submits that public docketing of the victim impact statements would impose significant harm to the victims and compromise their rights to privacy and dignity. 18 U.S.C. § 3509(d)(2); 18 U.S.C. § 3771(a)(8); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir, 1995) ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (cleaned up). The victim impact statements, which include the handwritten statements of children, contain intimate and personal details about the sexual abuse and other specific harms suffered, the victims' past and present mental states, and their relationships to their abusers. Many of the statements reflect highly personal and sensitive information about the ongoing effects of their trauma, including drug and alcohol abuse, medical and mental health treatment, the victims' troubled relationships with intimacy, the extreme behavioral habits and isolation they developed to cope, and other intimate details about their day to day lives and struggles. The statements also show that many of the victims live in extreme fear,

hypervigilance, and anxiety of being recognized and associated with the images and videos of their earlier sexual abuse.

The victims have a significant privacy interest in this information, which is of the most intimate and personal nature. Making this information publicly available would expose the victims to harm similar to that caused by the continued circulation of images and videos of their sexual abuse: making intimate information about their abuse and ongoing trauma public. If docketed, the victims' descriptions of their trauma and mental and physical health would be available to their abusers and to other perpetrators of child pornography and child exploitation offenses who derive personal gratification from just that kind of trauma and abuse.  Indeed, several of the victim impact statements describe being stalked or harassed multiple times by strangers or others as a result of the circulation of the images of their sexual abuse.

The victims' interests in privacy and dignity cannot be addressed through redaction of the victim impact statements. Even if this intimate information could reliably be anonymized, the victims themselves would know that their statements were publicly available for others to read, invading their privacy and raising the specter of fear and anxiety about being associated with their statements, just as the victims suffer fear and anxiety about being associated with images and videos of their sexual abuse. As the explained in the statements, the victims of child pornography often try to hide their abuse from those they know and interact with, or isolate themselves to avoid the risk of having people they know discover their past abuse. Moreover, the statements cannot be reasonably anonymized, precisely because of their very personal and intimate nature. Those close to the victims would be in a position to infer the victims' identities from the contents of the victim statements because of the significant detail and personal nature of the information in the statements. So, too, would the victims' abusers, who are familiar with the victims and the precise nature of the abuse that was originally inflicted on them. And, here, redacting sufficient information to truly anonymize the statements would "render [the statements] unintelligible." *Amodeo*, 71 F.3d at 1052.

Finally, the Government is also mindful that making the victims' statements public without their prior consent, even with redactions, will likely discourage future victims from submitting statements or providing details that are important for sentencing courts to consider in future cases. Victims could easily feel compelled to sanitize their victim statements or decline to submit a statement at all, depriving courts of information important to fashioning a just sentence.

Accordingly, the Government respectfully requests that the Court permit the continued sealing of the child pornography victim impact statements in this case.

In addition, the Government's March 18 Letter included several quotations from some of the victim impact statements.  Given the limited extent of those excerpts, the Government does not believe that the public filing of those brief statements would intrude on the privacy of the victims. However, the Government respectfully requests limited redactions of the series name and the few references to the perpetrator and the nature of the sexual abuse, as that is intimate and personal information that can be used to identify the victim.  The Government will provide Chambers with an unredacted version of the sentencing submission and all attachments, as well as a version highlighting the proposed redactions.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Katherine Cheng
Diarra Guthrie
Assistant United States Attorneys
(212) 637-2492 / -2463

cc:    Neil Kelly, Esq.

Upon reflection, the Court is persuaded.  Accordingly, the exhibits to the Government's submission will remain sealed, as will the unredacted submission itself.  The Government is granted leave to redact the submission as it proposes -- it shall file the newly redacted version on the docket within two business days.

The Clerk of Court is directed to terminate ECF No. 41.

SO ORDERED.

March 30, 2026

3